Edmund M. Sweeney, administrator of the estate of Felix Lacombe, deceased

*vs.*

Catherine Lebel, alias Catherine Label.

Kennebec.    Opinion, January 5, 1943.

*Edmund M. Sweeney,*

*William H. Niehoff,* for the plaintiff.

*Clayton E. Eames,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

PER CURIAM.

This is an action of trover brought by the administrator of the estate of Felix Lacombe for the conversion of a diamond ring. After a verdict for the plaintiff, the case is before us on a general motion for a new trial and on exceptions.

## THE MOTION

The ring had been worn by the deceased, and the defendant claims that he gave it to her in his lifetime as an engagement ring. There was some evidence to corroborate her story. On the other hand the ring was in his possession just prior to his death and the evidence shows that he was wearing it then. The defendant, a few hours before Mr. Lacombe died and after he had had a shock, removed it from his finger. The question whether the deceased gave the ring to the defendant was peculiarly one for the jury and their finding against the contention of the defendant cannot be disturbed.

## THE EXCEPTIONS

The first exception is to the admission in evidence of a conversation of the defendant relating to the gift of a stick pin. It appears that the conversation concerned both the gift of the ring in question and the stick pin. The presiding justice admitted it only in so far as it related to the gift of the ring. With that limitation, which was explained to the jury, it was admissible.

The second exception is to the admission of certain statements by the defendant as to the value of the ring. These were admitted by the court on the question of the credibility of the defendant, it being contended that she had made contradictory statements. Whether the evidence was admissible on this specific ground it is unnecessary to decide, for we cannot see anything prejudicial to the defendant in the ruling.

The third exception is to the refusal of the presiding justice to permit a witness, Orel J. Richards, to state what reason Mr. Lacombe gave for going to the office of the plaintiff, Mr. Sweeney, on a certain date. As there is no indication what the purpose of the question was, or what the answer would have been, we have nothing before us to determine whether the exclusion was proper or not.

The fourth and fifth exceptions are to the admission of evidence on the cross-examination of Orel J. Richards relating to a check given by the deceased to the defendant. It is not altogether clear whether this evidence was admitted on the ground that it affected the credibility of the witness or whether it was thought that the gift of money had some bearing on the gift of the ring. It is rather difficult to understand how it was relevant on either question. At the same time we cannot see that the ruling was in any way prejudicial to the defendant.

*Motion overruled.*
*Exceptions overruled.*